WOLCOTT A. BLODGETT, MARIA BLODGETT CLARK, AND HER HUSBAND, SMITH CLARK, BENJAMIN BLODGETT, ELUTHERIA H. ADAMS, AND HER HUSBAND, MARSHALL WALDO, VICTORIA McFARLAND, AND HER HUSBAND, JOHN McFARLAND v. THE POTOSI GOLD AND SILVER MINING COMPANY, R. W. FOULKES, PETER RICE, V. M. MOORE, S. M. ATCHISON, JOHN H. ATCHISON, LLOYD TEVIS, JAMES B. HAGGIN, G. M. SWEEZY, R. J. MORGANSTERN, AND THE CHOLLAR POTOSI MINING COMPANY.

MINING CLAIMS—CONVEYANCE OF, WITHOUT DEED.—Where, by the usages and customs existing in the Territory of Utah, (now State of Nevada,) interests in mining claims situated therein, which had been acquired by location, in accordance with the local customs and usages which then and there prevailed, could be sold and conveyed by delivery of possession without deed or other instrument in writing ; and where the ancestor, from whom the plaintiff took by descent certain undivided interests in such a mine, in his lifetime, in common with the other owners, so sold and conveyed said interests to a corporation formed under the laws of the State of California, by an association consisting of said ancestor and the other owners of said mine, which sale was in trust for the members of said association and their legal representatives, which conveyance was duly accepted by said corporation : *held,* that thereby said corporation acquired the title of said ancestor to said mine, and that said trust was enforceable by plaintiffs against said corporation.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendants demurred upon the following grounds, to wit :

" Now come the said defendants, the Potosi Gold and Silver Mining Company, John H. Atchison, Lloyd Tevis, and James B. Haggin, by J. P. Hoge and E. D. Wheeler, their attorneys, and demur to the complaint as amended herein, upon the ground that it appears upon the face of the amended complaint :

" First—That the Court has no jurisdiction of the persons of the defendants.

" Second—That the Court has no jurisdiction of the subject of the action.

" Third—That the plaintiffs have not legal capacity to sue.

" Fourth—That several causes of action have been improperly united, namely, a cause at law with a case in equity.

" Fifth—That the complaint does not state facts sufficient to constitute a cause of action, in this:

" 1. That the facts as stated do not authorize the Court to grant the relief asked, or any relief in this case.

" 2. Because it appears that the lands and mining property in controversy are situated beyond the jurisdiction of this Court, in the State of Nevada, and this Court has no power or jurisdiction to make any valid decree touching the same, or to pass upon the rights of the parties to such lands, or to compel the defendants, ' The Potosi Gold and Silver Mining Company,' to accept and receive the said complainants as stockholders in the corporation, or to accept a conveyance from them of such lands under the decree of this Court.

" 3. The complaint shows no case of fraud, trust, or contract entitling this Court to interfere in relation to lands lying beyond the limits of this State, and beyond the jurisdiction of the Court, and the Court has no authority or jurisdiction to grant any relief or make any valid decree upon the case made in the complaint and upon the facts stated.

" 4. That the complaint proceeds upon the inconsistent theories of partnership and of tenancy in common, and no sufficient facts are alleged to entitle the complainants to relief upon either theory.

" 5. It appears by said complaint that said Joseph and his six co-locators took up and located said mine as partners, and that said Joseph died, and said partnership was dissolved long before the incorporation of said Potosi Gold and Silver Mining Company, and consequently there was never any agreement, contract, privity, or dealing between said partnership and said corporation.

" 6. There are no facts stated in the complaint showing that plaintiffs are entitled to the stock mentioned therein, or to any part thereof, nor that defendants, said corporation, is in any manner bound to recognize plaintiffs or to admit them as members of said corporation; nor does said complaint show any privity whatever, either in fact or in law, between said plaintiffs of their said ancestor and the Potosi Gold and Silver Mining Company."

The Court sustained the demurrer, and the plaintiffs declining to amend their complaint, judgment final was rendered against plaintiffs, who appealed.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellants.

*E. D. Wheeler,* and *J. P. Hoge,* for Respondents.

By the Court, SANDERSON, J.:

The complaint states a cause of action, and the demurrer should have been overruled.  It shows that certain parties, seven in number, therein named, in 1860, formed themselves into a mining association under the style of the Potosi Company, for the purpose of mining for gold and silver in the then Territory of Utah, now State of Nevada, and to that end they made claim to and took possession of one thousand and four hundred feet of a certain ledge, with its dips, angles and spurs, there situated, in accordance with the usage and custom which prevailed in that locality whereby they each became vested with the title to an undivided interest of two hundred feet.   That the interests so acquired by them could be sold and conveyed, under the usages and customs then and there existing, by delivery of possession without deed or other instrument in writing.   That Joseph Blodgett, one of said parties, subsequently died intestate, and seized and possessed of an undivided interest of two hundred feet, less

one eighth thereof, leaving the plaintiffs his heirs at law, who, under the laws then and there in force, took the same by descent in certain proportions. That subsequently the then owners of the mining claim, including the plaintiffs, concluded to erect themselves into a corporation under the laws of the State of California and take the stock of such corporation in place of their respective interests in the ledge. That this plan was carried out, and the corporation known as the Potosi Gold and Silver Mining Company was created, to which full and exclusive possession of the ledge was given by the then owners, upon the agreement and understanding that the corporation should issue to them respectively its certificates of stock in proportion to their interests in the ledge. That said corporation entered and took possession in pursuance of said understanding, and thereby succeeded to and became vested with the title to said ledge upon the condition and trust aforesaid, and still owns and holds the same. It is then alleged that the corporation has failed and refused, and still does, to issue to the plaintiffs certain certificates of stock to which they are entitled under said agreement, notwithstanding they have repeatedly demanded the same, and appropriate relief is prayed for.

If what is said as to the usages, customs and laws of Utah, and as to the facts of the case, be true, the plaintiffs are entitled to the relief which they seek, beyond all controversy, and we are at a loss to perceive upon what ground the claim of the respondents, that the complaint does not state a cause of action, can be sustained. The complaint does not show, as claimed by the respondents, that the title to the ledge is still in the original locators or their heirs. On the contrary, it shows that the title is in the corporation. Under the usages and customs alleged to be then and there in force, no deed or conveyance in writing was requisite in order to vest the title in the corporation. A delivery of the possession was all that was requisite. That was done, and the corporation having accepted the possession became vested with the title to the ledge and bound to issue its stock to the

former owners, in pursuance of the agreement under which it acquired its title.

Judgment reversed and cause remanded for further proceedings.

Mr. Justice RHODES expressed no opinion.